Banco de Puerto Rico, como liquidador del Banco Comercial de Puerto Rico, demandante y apelado, *v.* Manuel Portela y Gustavo Quiñones, demandados y apelantes.

No. 6544.—*Sometido:* Enero 22, 1934. *Resuelto:* Enero 31, 1934.

*L. Llorens Torres,* abogado de los apelantes; *González Fagundo & González Jr.,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En este caso, al igual que en *Roig Commercial Bank* v. *Santiago Iglesias Silva et al.,* ante p. 106, el apelado sostiene que la apelación es frívola toda vez que los demandados

fueron debidamente notificados, se anotó la rebeldía y se registró sentencia por el secretario de la corte de distrito contra los demandados. Si la demanda era buena, los hechos alegados, tal cual han sido expuestos por la moción, constituyen prima facie una apelación frívola.

Por consiguiente, examinando el alegato en este caso, según frecuentemente hacemos, hallamos que los dos primeros señalamientos de error se refieren al hecho de que la demanda no aduce suficientemente en qué capacidad el Banco Comercial comparecía, es decir, si como corporación, sociedad o como qué. La demanda demuestra que el Banco de Puerto Rico inició el pleito como liquidador del Banco Comercial, y que éste llegó a ser tal liquidador a virtud de una orden de la Corte de Distrito de San Juan fechada mayo 8 de 1933. Bajo estos hechos, creemos que carece de importancia si el banco era una corporación, una sociedad o una entidad distinta, toda vez que surgiría la presunción de que el liquidador designado ejercía sus funciones debidamente. Igualmente, como un liquidador fué nombrado para el banco en mayo 8, 1933, es probable que pudiéramos tomar conocimiento judicial en dicha fecha de que tal banco estaba incorporado de conformidad con la Ley de Bancos de nuestra Isla, la cual exige que todos los bancos sean incorporados.

De igual modo, bajo el primer señalamiento de error los apelantes también alegan que en un pleito basado en un pagaré endosado la mera presentación del mismo es insuficiente. Bajo la práctica universal, al igual que de conformidad con la Ley Uniforme de Instrumentos Negociables, el tenedor de un pagaré tiene prima facie derecho a demandar en cobro del mismo, independientemente de cuál fué su causa (*consideration*) original. En otras palabras, que la regla es aplicable tanto a la persona originalmente obligada como a un endosatario.

En el tercer señalamiento de error los apelantes sostienen que la corte no tenía derecho a anotarles la rebeldía, toda vez que el emplazamiento era insuficiente. Los apelan-

tes nos refieren a los incisos 4 y 5 del artículo 89 del Código de Enjuiciamiento Civil, que leen como sigue:

"La citación irá dirigida al demandado, firmada por el secretario y librada bajo el sello de la corte, y deberá contener:

"   *       *       *       *       *       *       *

"4.—En una acción originada de un contrato para obtener dinero, o el importe de daños y perjuicios solamente, se hará constar la prevención de que si no compareciere y contestare el demandado según se le ordena, el demandante obtendrá fallo por la cantidad exigida en la demanda, especificando la suma.

"5. En las demás acciones, la prevención de que si no compareciere y contestare el demandado según se le ordena, el demandante solicitará de la corte le sea concedida la petición que hubiese hecho en la demanda. El nombre del abogado del demandante se hará constar al dorso de la citación."

El emplazamiento en cuestión lee así:

"Y se notifica a ustedes que de no comparecer a contestar dicha demanda, dentro de diez días después de notificados si la notificación se hiciere en el distrito, y dentro de los veinte días si se hiciere fuera del distrito, pero en la Isla de Puerto Rico, y dentro de los cuarenta días si se hiciere en otra parte, el demandante podrá solicitar le sea concedida la petición hecha en la demanda condenándoles a ustedes a pagarle $3,900.00 importe del pagaré cuyo pago se reclama, intereses sobre dicha suma al 12% anual desde nov. 1 de 1931 hasta la fecha de su pago total y definitivo juntamente con las costas, gastos, desembolsos y honorarios de abogado que origine la presente acción."

Somos de opinión que para los fines de dar jurisdicción a la corte, el emplazamiento era suficiente bajo uno u otro párrafo y que los demandados fueron suficientemente notificados de que el demandante obtendría fallo por la cantidad exigida en la demanda, o que solicitaría de la corte que le concediera la petición que hubiese hecho en la demanda. Creemos, sin embargo, que se trataba de una acción bajo el párrafo 4 y por ende que el emplazamiento cumplía suficientemente con las disposiciones del mismo.

■ Como el pagaré en este caso fué otorgado en 1931, la

ley de la Legislatura reglamentando el tipo de interés que ha de cargarse sobre las obligaciones aprobada el 17 de agosto de 1933 no es aplicable. Esa ley no tiene efecto retroactivo. Esto resuelve el cuarto señalamiento de error.

Las anteriores consideraciones resuelven las principales contenciones de los apelantes y *la apelación debe ser desestimada.*